## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAXI DORMEVIL, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 23-3025** |
| | : | |
| **DOMESTIC RELATIONS OFFICE** | : | |
| **DELAWARE COUNTY** | : | |
| **PENNSYLVANIA CHILD SUPPORT** | : | |
| **AGENCY, VALERIE ESSAF,** | : | |
| **PATRICIA COACHER, LINDA** | : | |
| **CARTISANO** | : | |

## <u>MEMORANDUM</u>

**KEARNEY, J.**                                                      **September 19, 2023**

Delaware county resident Maxi Dormevil, Jr. is disappointed in a child support order from a state court a few months ago. He claims the Delaware County Domestic Relations Office did not give him proper notice or a continuance when he appeared. He has not appealed based on his sworn complaint. He instead pro se sues the Judge who set his support obligations, the Domestic Relations Office, and employees in the Domestic Relations Office. We screened his complaint after granting him leave to proceed without paying filing fees. He seeks declaratory and injunctive relief asking we get involved in a state court child support case. He also seeks damages. We abstain from addressing the declaratory and equitable relief.  He cannot sue the state actors for money damages based on their pleaded conduct relating to the processing and entry of a child support order a few months ago. Mr. Dormevil can challenge the wisdom and procedure of the support order in state court. But not here.

## I.   Alleged pro se facts

Maxi Dormevil, Jr. is litigating child support obligations in state court.[1] His primary complaint is a constitutional challenge to the Delaware County Court's order directing him to pay child support he believes he is not obligated to make because the Court's Domestic Relations Office never had proof of his paternity or his financial records. Mr. Dormevil believes the Domestic Relations Office, the Judge who signed the child support order, and employees of the Domestic Relations Office deprived him of his Fourteenth Amendment due process rights.

Mr. Dormevil describes what he believes is an unconstitutional deprivation of due process beginning with the Delaware County Domestic Relations Office's deficient notice about an upcoming child support hearing earlier this year.[2] Mr. Dormevil found unnotarized notices of the hearing near his garbage and outside of his mailbox.[3] It is unclear whether Mr. Dormevil appeared for the child support hearing, but he concedes he had notice of it because he alleges some unidentified person at the courthouse told him he did not have "time to prepare or get proper legal counsel," and if he did not appear at the date of the hearing, a judge "would rule against [him]."[4] We infer the Honorable Linda A. Castisano entered an order requiring Mr. Dormevil to pay child support. Mr. Dormevil complains the order (which he calls a "claim") is not notarized by either a court clerk or a judge.[5] Mr. Dormevil called someone (we presume at the Domestic Relations Office) but "was stone walled at every turn," no one would tell him "what's going on" or why the order did not have a "clerk seal or actual signature by a judge," and Domestic Relations Officer Valerie Essaf and Director Patricia Coacher would not give him their "whole names."[6]

On July 10, 2023, Mr. Dormevil filed "paperwork" with the Clerk of the Domestic Relations Office objecting to the "proceedings," including he did not believe there is a legitimate cause of action because his "notice" should have been forwarded to a "Magistrate."[7] An unidentified person in the Domestic Relations Office told Mr. Dormevil a Magistrate Judge saw

his "notice" but an unidentified person "placed [it] in a folder and a financial determination was rendered unjustly, unfairly and unconstitutionally" because the Domestic Relations Officer "never had proof of paternity [and] never had financial records to make any financial determination" regarding child support.[8]

Mr. Dormevil also alleges a violation of equal access to the courts in violation of the Fourteenth Amendment.[9] On July 19, 2023, the Domestic Relations Office and its "officials" concealed Mr. Dormevil's documents and refused to allow him the opportunity to defend himself in court, refused to file his petitions, refused to allow him to "speak with the judge," denied him paternity testing, and Judge Cartisano never responded to his letters.[10] The Office's Director Coacher and Officer Essaf had a police officer present to intimidate Mr. Dormevil into signing paperwork he did not understand.[11] Mr. Dormevil felt interrogated by gun point.[12] Director Coacher and Officer Essaf allegedly treated Mr. Dormevil as "scum of the earth."[13] Mr. Dormevil noticed they did not treat others in the office the same way they treated him.[14] Officer Essaf and unidentified superiors refused to allow his motions, objections, and other legal documentation to be reviewed by a judge and "rush[ed] to judgment" without allowing him access to the court to contest paternity and denied rescheduling court hearings to allow him to retain counsel.[15]

Director Coacher and an unidentified clerk told Mr. Dormevil his paperwork would be stamped and forwarded to the presiding judge.[16] Director Coacher "illegally read" Mr. Dormevil's motions and decided the judge did not need to see his motions.[17] Director Coacher allegedly concealed his motions from Judge Cartisano by putting them away in a file.[18] An unidentified person also told Mr. Dormevil "they had already decided that [he] [is] responsible."[19] An unidentified person gave Mr. Dormevil a paper saying he owes child support for the previous month.[20]

Mr. Dormevil is currently ordered to pay child support.[21] Mr. Dormevil claims these interactions "demonstrat[e] a lack of access to the courts and a violation of due process."[22] Mr. Dormevil does not plead the state actors acted in their individual or official capacities. Mr. Dormevil does not plead what steps he took to appeal the child support order in state court.

Mr. Dormevil sued the "Domestic Relations Office, Delaware County, Pennsylvania Child Support Agency," Domestic Relations Officer Essaf, Director of Domestic Relations Coacher, and the Honorable Linda A. Cartisano of the Delaware County Court of Common Pleas for depriving him of due process rights under the Fourteenth Amendment.[23] He bring his claims under 42 U.S.C. § 1983.[24]

Mr. Dormevil challenges conduct relating to child support proceedings in the Delaware County Court. He seeks both equitable relief and damages. He seeks:

- A declaration the Delaware County Child Support Agency violated his Fourteenth Amendment due process rights;

- Injunctive relief ordering the County's Child Support Agency to "cease desist" its unconstitutional practices and "ensure compliance" with the Constitution; ordering the County's Child Support Agency to "cease any and all attempts to pursue" claims against him "with prejudice"; and "legal discipline"; and

- Compensatory damages, costs, and expenses, including travel expenses, and damages for pain and suffering, and any other appropriate relief.[25]

## II.  Analysis

Mr. Dormevil sued Judge Cartisano, the Delaware County Domestic Relations Office, Director Coacher, and Officer Essaf under section 1983 alleging violations of his Fourteenth Amendment due process rights.[26] We granted Mr. Dormevil leave to proceed without paying filing fees.[27] Congress requires we now screen his pro se Complaint before issuing summons.[28] We today screen his claims against Judge Cartisano, the Delaware County Domestic Relations Office, Director Coacher and Officer Essaf.

4

Congress does not confer substantive rights through section 1983; rather, it is the vehicle used to bring federal constitutional claims in federal court. Mr. Dormevil must plead two elements to proceed on his civil rights claims: (1) a person acting under color of state law committed the complained-of conduct; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[29]

Consistent with our screening obligations, we must dismiss Mr. Dormevil's complaint before issuing summons if we find his claim frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against persons immune from such relief. We apply the same standard under the Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint under section 1915(e)(2)(B)(ii).[30] Mr. Dormevil can meet the Rule 12(b)(6) standard if he pleads "sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"[31] We accept all facts in Mr. Dormevil's Complaint as true and construe facts in the light most favorable to him to determine whether he states a claim to relief plausible on its face.[32]

Mr. Dormevil fails to state a claim even after accepting all his pleaded facts as true and construing the facts in the light most favorable to him. We abstain from Mr. Dormevil's request for declaratory and injunctive relief under *Younger v. Harris.*[33] We dismiss Mr. Dormevil's claims for damages against Judge Cartisano, the Domestic Relations Office, Director Coacher and Officer Essaf.

**A.  We abstain from an ongoing child support proceeding in state court.**

Mr. Dormevil challenges a child support order in an ongoing state court child support action. He asks us to declare the Domestic Relations Office violated his due process rights, enjoin the Domestic Relations Office to "cease desist" its unconstitutional practices, order the Domestic

Relations Office to "cease any and all attempts to pursue this claim with prejudice," and enforce "legal discipline" against the Defendants.[34] We cannot grant the equitable relief Mr. Dormevil seeks nor can we jump into the middle of the ongoing child support proceeding. The Supreme Court instructs us to abstain from deciding issues in a pending state proceedings under *Younger v. Harris*.[35]

Federal courts have a "virtually unflagging obligation" to hear and decide cases within the scope of their jurisdiction.[36] But to promote comity between federal and state governments, we are required under *Younger* to abstain from deciding cases that would interfere with certain ongoing state proceedings.[37] We first examine whether the underlying state court litigation falls within one of three "exceptional circumstances" in which we would abstain under *Younger*: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions" (the "*Sprint* categories").[38] Child support cases fall squarely in the third category of exceptional cases.[39]

If a case falls into one of the three *Younger* categories, we are then directed by the Supreme Court to consider whether abstention is warranted under the *Middlesex* factors: (1) the state proceedings are ongoing and judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.[40]

From our reading of Mr. Dormevil's complaint, there is an ongoing state proceeding regarding his obligations to pay child support. Although not entirely clear, we read Mr. Dormevil's complaint as challenging an ongoing state proceeding ordering him to pay child support he believes he should not have to pay.[41] Courts have long recognized the important state interests in child custody and support proceedings.[42] Mr. Dormevil had an adequate opportunity to raise his

federal claims in the Delaware County proceedings. The burden is on Mr. Dormevil to show "state procedural law barred presentation of [his] claims."[43] He does not do so.

Mr. Dormevil's challenge to his state court child support proceeding meets the *Middlesex* conditions and *Younger* abstention applies. Where we conclude *Younger* abstention applies, we are directed by our Court of Appeals to "two possible dispositions: dismissal or a stay."[44] If Mr. Dormevil's claims are only for injunctive or declaratory relief, we must dismiss the case.[45] If Mr. Dormevil seeks only damages, we cannot dismiss his action but we may, in our discretion, stay the case for the pendency of the state court proceedings.[46] If Mr. Dormevil's claim seeks both damages and injunctive or declaratory relief, we may in our discretion "not only … stay the damages claim but also … dismiss any claims for injunctive and declaratory relief outright or stay them, potentially alongside the stayed claim for damages."[47]

Mr. Dormevil seeks both damages and injunctive and declaratory relief. We abstain under *Younger* and dismiss his claims seeking injunctive and declaratory relief. As directed by our Court of Appeals, we should stay his claims for money damages. But, as analyzed below, the Defendants are immune from suit and we dismiss the damages claims as well.

**B.  We dismiss claims for damages against judicial officers and staff performing judiciary functions.**

Mr. Dormevil sues the Domestic Relations Office, Domestic Relations Officer Essaf, Director of Domestic Relations Coacher, and Judge Linda A. Cartisano of the Delaware County Court of Common Pleas. He seeks compensatory damages.

### *Judge Cartisano is judicially immune.*

Judges are absolutely immune from suits under section 1983 for money damages arising from their judicial acts.[48] Immunity applies even if the action is "in error, … done maliciously, or

… in excess of [her] authority."[49] Judge Cartisano is absolutely immune from suit and we dismiss claims against her.

### Domestic Relations Officer Essaf and Domestic Relations Director Coacher are entitled to quasi-judicial immunity.

Domestic Relations Officer Essaf and Domestic Relations Director Coacher are entitled to quasi-judicial immunity for their actions in the child support proceeding.[50] Mr. Dormevil alleges Officer Essaf and Director Coacher, in their positions with the Domestic Relations Office, deprived him of his due process rights relating to his filings with the court and by impeding his access to the court. Conduct relating to actions Officer Essaf and Director Coacher allegedly took in connection with the child support proceeding before Judge Cartisano is barred by quasi-judicial immunity. We dismiss claims against Officer Essaf and Director Coacher.

### Delaware County Domestic Relations Office is not a person under section 1983 and is immune under the Eleventh Amendment.

Mr. Dormevil names as a defendant the Delaware County Domestic Relations Office. The Delaware County Domestic Relations Office is the County's child support enforcement agency under the supervision of the Delaware County Court of Common Pleas.[51] Under Pennsylvania law, each court of common pleas must have a domestic relations section "which shall consist of such probation officers and other staff of the court as shall be assigned thereto." [52] Domestic Relations Offices are subdivisions of the Court of Common Pleas in each county in Pennsylvania and are "subunit[s] of the Commonwealth's unified Judicial system."[53]

Mr. Dormevil's due process claims against the Domestic Relations Office are untenable for two reasons. First, the Domestic Relations Office, as a subdivision of the Delaware County Court of Common Pleas, is not a "person" subject to suit under section 1983.[54] To state a section 1983 claim, Mr. Dormevil must plead: (1) the challenged conduct is committed by a person acting

under color of state law; and (2) the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.[55] Pennsylvania's Courts of Common Pleas are not "persons" for purposes of a section 1983 claim.[56] Mr. Dormevil cannot meet the first element of a claim under section 1983.

Mr. Dormevil's claims against the Domestic Relations Office also fail because, as a subunit of the Commonwealth's unified judicial system, it is immune under the Eleventh Amendment.[57] The Eleventh Amendment provides immunity to states from suits brought in federal courts by private parties.[58] Immunity provided by the Eleventh Amendment applies to subunits of the State.[59] The Domestic Relations Office of the Delaware County Court of Common Pleas is a sub-unit of Pennsylvania's unified judicial system and all courts in the unified juridical system are part of the Commonwealth and are entitled to Eleventh Amendment immunity.[60]

We dismiss Mr. Dormevil's claims against the Domestic Relations Office.

## III.  Conclusion

We abstain from resolving Mr. Dormevil's claims for declaratory or injunctive relief involving ourselves in a state court child support matter under *Younger*. We dismiss with prejudice: Mr. Dormevil's claims for damages against Judge Cartisano as she is absolutely immune from suit under section 1983 for money damages arising from judicial acts; Domestic Relations Officer Essaf and Domestic Relations Director Coacher as they are entitled to quasi-judicial immunity for their actions in the child support proceeding; and his claims against the Domestic Relations Office because it is not a "person" for section 1983 and, as a subunit of the Commonwealth's unified judicial system, is immune under the Eleventh Amendment. To the extent Mr. Dormevil seeks a remedy under federal criminal statutes 18 U.S.C. §§ 242, 245, we dismiss them as there is no

private civil right of action under those statutes. We dismiss Mr. Dormevil's claims with prejudice as he cannot plead these claims against these state actors as a matter of law.

---

1 ECF No. 2, Background Information at 3.

2 *Id.*.

3 *Id.*, § III, Violation of 14th Amendment Due Process Rights ¶ 3 at 4.

4 *Id.*, Background Information at 3.

5 *Id.*

6 *Id.*

7 *Id.*

8 *Id.*

9 *Id.*, § V, Violation of Equal Access to the Courts at 4.

10 *Id.*, § II, Statement of Facts at 3.

11 *Id.*, § V, Violation of Equal Access to Courts, ¶ 6  at 4.

12 *Id.*

13 *Id.*

14 *Id.*

15 *Id.*

16 *Id.,* Background Information, § V, Violation of Equal Access to the Courts ¶ 7 at 4.

17 *Id.*

18 *Id.*

19 *Id.*

20 *Id.*

21 *Id.*

22 *Id.*, Background Information, § Violation of Equal Access to the Courts, ¶ 6 at 4.

[23] Mr. Dormevil refers to the Domestic Relations Office and the "Child Support Agency" interchangeably. *See e.g.* ECF No. 2, "Dear Recipient's [sic]" section at 2. According to the website of the Delaware County Court of Common Pleas, the Domestic Relations Department of Delaware County is the County's child support enforcement agency under the supervision of the Delaware County Court of Common Pleas. We treat the Domestic Relations Office as the named Defendant in this action.
https://delcopa.gov/courts/domesticrelations/index.html#:~:text=Welcome%20to%20the%20Do mestic%20Relations,grow%20and%20succeed%20in%20life.

[24] Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, …" 42 U.S.C. § 1983.

[25] ECF No. 2, § VII, Relief Sought at 5.

[26] Mr. Dormevil also appears to seek relief under two criminal statutes, 18 U.S.C. §§ 242, 245. Mr. Dormevil has no private civil right of action under either of these criminal statutes. Section 242 imposes criminal liability on state actors who deprive any person of "any rights, privileges, or immunities secured by the Constitution" or federal law because of "such person being an alien, or by reason of his color, or race …" 18 U.S.C. § 242. Section 245 defines federally protected activities with which an actor may not interfere. 18 U.S.C. § 245. There is no civil private right of action available to Mr. Dormevil under sections 242 or 245. *Mikhail v. Kahn*, 991 F. Supp. 3d 596, 639 (E.D. Pa. 2014), *aff'd*, 572 F. App'x 68 (3d Cir. 2014); *Walthour v. Herron*, No. 10-1495, 2010 WL 1877704, at *2–*3 (E.D. Pa. May 6, 2010). We dismiss claims under these criminal statutes with prejudice.

[27] ECF No. 8.

[28] 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

[29] *Schneyder v. Smith*, 653 F.3d 313, 319 (3d Cir. 2011).

[30] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[31] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[32] *Elansari,* 779 F. App'x at 1008.

[33] 401 U.S. 37, 49-54 (1971).

[34] ECF No. 2, § VII, Relief Sought at 5.

---

[35] 401 U.S. 37 (1971).

[36] *Smith & Wesson Brands, Inc. v. Attorney Gen. of New Jersey*, 27 F.4th 886, 890 (3d Cir. 2022) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).

[37] *Id.* (quoting *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 431, 461 (3d Cir. 2019)).

[38] *Id.* at 891 (quoting *Sprint Commc'ns, Inc. v. Jacob*, 571 U.S. 69, 78, 82 (2013)).

[39] *Gittens v. Kelly*, 790 F. App'x 439, 441 (3d Cir. 2019) (per curiam). *See also Mikhail v. Kahn*, 991 F. Supp. 2d 596, 627–28 (E.D. Pa. 2014) (child custody actions are "precisely the type of case suited to *Younger* abstention, as the state proceeding implicates the important state interest of preserving the state's judicial system"); *Shallenberger v. Allegheny Cnty.*, No. 20-73, 2020 WL 1465853, at *7 (W.D. Pa. Mar. 26, 2020) ("[c]ourts within this Circuit have repeatedly held that child-custody cases fit 'squarely into the third category of exceptional cases[ ]' and that '[c]ustody cases are particularly appropriate for *Younger* abstention.'") (quoting *Karl v. Cifuentes*, No. 15-2542, 2015 WL 4940613, at *4 (E.D. Pa. Aug. 13, 2015)).

[40] *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982); *Borowski v. Kean Univ.*, 68 F. 4th 844, 849–50 (3d Cir. 2023) (applying the *Middlesex* factors).

[41] For example, in *Gok v. United States*, Judge Pratter applied *Younger* abstention, rather than abstention under the *Rooker-Feldman* abstention doctrine, finding child custody proceedings are "ongoing" or "pending" for *Younger* abstention purposes. No. 22-4838, 2023 WL 4140827, at *3 (E.D. Pa. June 22, 2023). Analogizing child custody cases to child support cases, we apply *Younger* abstention rather than abstention under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies when (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state court judgment; (3) the judgments were rendered before filing the federal suit; and (4) the plaintiff asks the federal court to review and reject the state court's judgment. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

[42] *Gok*, 2023 WL 4140827 at * 3 (collecting cases).

[43] *Lazaridis v. Wehmer*, 591 F. 3d 666, 670–71 (3d Cir. 2010). *See also Frederick of Family Gonora v. Office of Child Support Servs.*, 783 F. App'x 250 (3d Cir. 2019) (per curiam) (affirming district court's application of *Younger* abstention to father's challenge to enforcement of child support order).

[44] *Borowski*, 68 F.4th at 850.

[45] *Id.*

[46] *Id.*

[47] *Id.*

[48] *Malhan v. New Jersey*, No. 21-2969, 2023 WL 1793873, at *6 (3d Cir. Feb. 7, 2023) (quoting *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial official in the performance of [her] duties has absolute immunity from suit and will not be liable for [her] acts.").

[49] *Malhan*, 2023 WL 1793873 at *6 (quoting *Stump v. Starkman*, 435 U.S. 349, 356 (1978)).

[50] *Burrell v. Longo*, 750 F. App'x 149, 156 (3d Cir. 2018) (applying quasi-judicial immunity to Lackawanna County Domestic Relations Office staff in action challenging conduct of Office in child support proceeding).

[51] https://delcopa.gov/courts/domesticrelations/index.html.

[52] *Haybarger v. Lawrence County Adult Probation and Parole*, 551 F.3d 193, 201 (3d Cir. 2008) (citing 42 Pa. Cons. Stat. § 961).

[53] *Addlespurger v. Wecht*, No. 16-1157, 2018 WL 1412409, at *6 (W.D. Pa. Mar. 21, 2018) (citing 42 Pa. Cons. Stat. Ann. § 961; *Chilcott v. Erie Cnty. Domestic Relations*, 283 F. App'x 8, 10 (3d Cir. 2008)).

[54] *Clements v. Del. Cnty. Court of Common Pleas Domestic Relations Office*, No. 19-1232, 2019 WL 1596361, at *2 (E.D. Pa. Apr. 12, 2019) (citing *Shallow v. Rogers*, 201 F. App'x 901, 904 (3d Cir. 2006)).

[55] *Schneyder*, 653 F.3d at 319.

[56] *Green v. Domestic Relations Section Court of Common Pleas Compliance Unit Montgomery Cnty.*, 649 F. App'x 178, 180 (3d Cir. 2016) ("all components of the judicial branch of the Pennsylvania government are state entities and thus are not persons for section 1983 purposes") (quoting *Callahan v. City of Phila.*, 207 F. 3d 668, 674 (3d Cir. 2000)).

[57] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.

[58] *Haybarger*, 551 F.3d at 197.

[59] *Id.* at 198.

[60] *Green*, 649 F. App'x at 180 (citing *Haybarger*, 551 F.3d at 198).